**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

MINDEN PICTURES, INC.,

               Plaintiff,

     v.

DOWN UNDER ENDEAVOURS, INC.,

               Defendant.

**Case No.: 21-cv-1095**

## COMPLAINT AND JURY DEMAND

Plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorneys Duane Morris LLP, brings this suit against Defendant Down Under Endeavours, Inc. ("Defendant"), and for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq.*. Plaintiff seeks compensatory and / or statutory damages in an amount to be established at trial.

### PARTIES

2.    Plaintiff is the exclusive licensee of the rights to license copyrights in photographic images created by photographer Mitsuaki Iwago for reproduction, distribution and display, including the creatively stylized and popular photographic image of a lioness and cub in the wild, with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, CA 95003.

3.    Upon information and belief, Defendant is a corporation duly organized and existing under the laws of Illinois with a principal place of business located at 520 W Erie St, Suite 440, Chicago, IL 60654-5700. Throughout the time period relevant to this lawsuit,

Defendant has owned and operated a website used to promote its business services located at the URL www.downunderendeavours.com (the "Website").

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this District and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

7.      Plaintiff is a premier provider of wildlife and nature photos and feature stories. The creativity and professionalism of its photographers' work, including Mr. Iwago's photographic works, make Minden Pictures' collection uniquely valuable in the market for nature photography.

8.      Among other photographic works created by Mr. Iwago, plaintiff is exclusive licensee of a photographic image of a lioness and cub in the wild (the "**Copyrighted Work**").  A depiction of the Copyrighted Work as registered and exclusively licensed to the Plaintiff is attached hereto as **Exhibit A**.

9.      The Copyrighted Work (along with other photographs) has been registered with the United States Copyright Office under Certificate of Registration VA 847-928, with an

2

effective date of February 18, 1997.  Attached hereto as **Exhibit B** is a copy of Certificate of Registration VA 847-928 issued by the United States Copyright Office.

10.     Plaintiff published the Copyrighted Work on its website, along with copyright management information in the metadata of the digital photograph.

**B.     Defendant's Unlawful Activities**

11.     Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyright in the Copyrighted Work by reproducing, displaying and distributing the Copyrighted Work on its Website.

12.     Specifically, Plaintiff discovered the Copyrighted Work reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following Website page URL's:

- https://www.downunderendeavours.com/bios/corinne-goodman-2;

- https://www.downunderendeavours.com/travel/africa-endeavours-launch

- https://cdn.downunderendeavours.com/slir/w500/wp-content/uploads/2016/08/feat_African-Lion.jpg; and

- https://cdn.downunderendeavours.com/wp-content/uploads/2016/08/African-Lion.jpg

13.     Copies of screenshots of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work are attached hereto as **Exhibit C**.

14.     Defendant's infringing uses of the Copyrighted Work on its Website was for the commercial purposes of promoting its travel and adventure services to potential customers. Defendant sought, and on information and belief has, profited from the infringing use of the Plaintiff's Copyrighted Work to promote and sell Defendant's services to its customers.

15.     Defendant intended to, and on information and belief has, commercially profited from the infringement of the Plaintiff's Copyrighted Work without paying the Plaintiff (or

3

anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Copyrighted Work.

16.     Defendant was aware that it did not own and had no license or other permission to use the Copyrighted Work on its commercial Website in order to promote Defendant's services. On information and belief, Defendant made no effort to obtain a license or other permission to reproduce, display and distribute the Copyrighted Work on its commercial Website, acting in reckless disregard of Plaintiff's exclusive copyrights, at a minimum.

17.     Upon discovering Defendant's infringement, Plaintiff by and through a copyright enforcement agency with whom it works served notice on the Defendant of its infringing reproduction, distribution and public display of the Copyrighted Work and demanded that Defendant cease all such infringing activity, among other relief.  Despite that demand, and follow up demands, Defendant refused to cease all of the infringing reproductions, distributions and public displays of the Copyrighted Work on its Website for a number of months. Defendant's prolonged refusal to cease its infringing uses of the Copyrighted Work constituted knowing and willful copyright infringement.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

18.     Plaintiff realleges paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

19.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

20.     The Copyrighted Work was timely registered with the Copyright Office prior to Defendant's commencement of its infringing activities.

21.     As a result of Defendant's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to its commencement of infringing activities.

22.     By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. §501.

23.     Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, or at a minimum undertaken in reckless disregard of Plaintiff's exclusive copyrights in the Copyrighted Work, and Defendant has profited from its infringing conduct at the expense of Plaintiff.

24.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to sales of its services to customers who visited its Website while Defendant displayed and distributed the Copyright Work without authorization, pursuant to 17 U.S.C. § 504(b).

25.     In the alternative, and at Plaintiff's election prior to final judgment entering, Plaintiff is entitled to an award of statutory damages, up to a maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Work in violation of the Copyright Act;

2.      A declaration that such infringement has been willful;

3.      An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

4.      An award of Plaintiff's costs and expenses incurred in this action, including his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5.      An award of interest, including pre-judgment interest, on the foregoing sums;

6.      A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

       (a)      directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

       (b)      directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work.

7.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 24, 2021        Respectfully submitted,

**DUANE MORRIS LLP**

/s/ *Keith M. St. Aubin*
Mark A. Bradford
Keith M. St. Aubin
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
312 499 6700
mabradford@duanemorris.com
kstaubin@duanemorris.com

*Counsel for Plaintiff Minden Pictures, Inc.*